UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON B. SCRUGGS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0224 AS |
| ) | |
| EDWIN BUSS, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 13, 2005, *pro se* petitioner, Aaron B. Scruggs, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 22, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. Apparently there is an attempt by this petitioner to contend that Indiana Code § 35-50-6-3.3 is unconstitutional. Necessarily that must mean that it is unconstitutional under the Constitution of the United States of America, and not the Indiana Constitution. The text of the relevant statute is as follows:

(a) In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:

    (1) is in credit Class I;
    (2) has demonstrated a pattern consistent with rehabilitation; and
    (3) successfully completes requirements to obtain one (1) of the following:

        (A) A general educational development (GED) diploma under IC 20-20-6, if the person has not previously obtained a high school diploma.

        (B) A high school diploma.

        (C) An associate's degree from an approved institution of higher learning (as defined under IC 20-12-21-3).

        (D) A bachelor's degree from an approved institution of higher learning (as defined under IC 20-12-21-3).

(b) In addition to any credit time that a person earns under subsection (a) or section 3 of this chapter, a person may earn credit time if, while confined by the department of correction, the person:

    (1) is in credit Class I;
    (2) demonstrates a pattern consistent with rehabilitation; and
    (3) successfully completes requirements to obtain at least one (1) of the following:

        (A) A certificate of completion of a vocational education program approved by the department of correction.
        (B) A certificate of completion of a substance abuse program approved by the department of correction.
        (C) A certificate of completion of a literacy and basic life skills program approved by the department of correction.

(c) The department of correction shall establish admissions criteria and other requirements for programs available for earning credit time under subsection (b). A person may not earn credit time under both subsections (a) and (b) for the same program of study.

(d) The amount of credit time a person may earn under this section is the following:

        (1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma under IC 20-20-6.
        (2) One (1) year for graduation from high school.
        (3) One (1) year for completion of an associate's degree.
        (4) Two (2) years for completion of a bachelor's degree.
        (5) Not more than a total of six (6) months of credit, as determined by the

> department of correction, for the completion of one (1) or more vocational education programs approved by the department of correction.
> (6) Not more than a total of six (6) months of credit, as determined by the department of correction, for the completion of one (1) or more substance abuse programs approved by the department of correction.
> (7) Not more than a total of six (6) months credit, as determined by the department of correction, for the completion of one (1) or more literacy and basic life skills programs approved by the department of correction.

However, a person who does not have a substance abuse problem that qualifies the person to earn credit in a substance abuse program may earn not more than a total of twelve (12) months of credit, as determined by the department of correction, for the completion of one (1) or more vocational education programs approved by the department of correction. If a person earns more than six (6) months of credit for the completion of one (1) or more vocational education programs, the person is ineligible to earn credit for the completion of one (1) or more substance abuse programs.

(e) Credit time earned by a person under this section is subtracted from the release date that would otherwise apply to the person after subtracting all other credit time earned by the person.

(f) A person does not earn credit time under subsection (a) unless the person completes at least a portion of the degree requirements after June 30, 1993.

(g) A person does not earn credit time under subsection (b) unless the person completes at least a portion of the program requirements after June 30, 1999.

(h) Credit time earned by a person under subsection (a) for a diploma or degree completed before July 1, 1999, shall be subtracted from:

> (1) the release date that would otherwise apply to the person after subtracting all other credit time earned by the person, if the person has not been convicted of an offense described in subdivision (2); or
>
> (2) the period of imprisonment imposed on the person by the sentencing court, if the person has been convicted of one (1) of the following crimes:
>
> (A) Rape (IC 35-42-4-1).
>
> (B) Criminal deviate conduct (IC 35-42-42).
>
> (C) Child molesting (IC 35-42-4-3).

    (D) Child exploitation (IC 35-42-4-4(b)).

    (E) Vicarious sexual gratification (IC 35-42-4-5).

    (F) Child solicitation (IC 35-42-4-6).

    (G) Child seduction (IC 35-42-4-7).

    (H) Sexual misconduct with a minor as a Class A felony, Class B felony, or Class C felony (IC 35-42-4-9).

    (I) Incest (IC 35-46-1-3).

    (J) Sexual battery (IC 35-42-4-8).

    (K) Kidnaping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age.

    (L) Criminal confinement (IC 35-42-3-3), if the victim is less than eighteen (18) years of age.

    (M) An attempt or a conspiracy to commit a crime listed in clauses (A) through (L).

(i) The maximum amount of credit time a person may earn under this section is the lesser of:

    (1) four (4) years; or
    (2) one-third ( 1/3 ) of the person's total applicable credit time.

(j) The amount of credit time earned under this section is reduced to the extent that application of the credit time would otherwise result in:

    (1) post-conviction release (as defined in IC 35-40-4-6); or
    (2) assignment of the person to a community transition program;

in less than forty-five (45) days after the person earns the credit time.

    (k) A person may earn credit time for multiple degrees at the same education level under subsection (d) only in accordance with guidelines approved by the department of correction. The department of correction may approve guidelines for proper sequence of education degrees under subsection (d).

A good beginning point is the decision of the Court of Appeals of Indiana on December 8, 2004 written by Judge Sharpnack and concurred in by Judges Bailey and May. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The Supreme Court of Indiana denied transfer on the Court of Appeals opinion reflected in Appendix "A" by entry of March 31, 2005. Thus, state remedies have been exhausted and the issues have been presented to the two highest courts in Indiana under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). There is, of course, an equal protection provision in the Fourteenth Amendment of the Constitution of the United States. *See Loving v. Virginia*, 388 U.S. 1 (1967), as well as *Dobbert v. Florida*, 432 U.S. 282 (1977), and *Washington v. Davis*, 426 U.S. 229 (1976). There is simply no class-based discrimination here, and the statute indeed is constitutional as found by the Court of Appeals of Indiana in *Poling v. State*, 740 N.E. 2d 872 (Ind. 2000). The long and short of it is that Judge Sharpnack for the Court of Appeals of Indiana got it right and that decision is both correct and binding on this petitioner.

For all of these reasons, the petitioner is not entitled to relief under 28 U.S.C. §2254, and such is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** October 14, 2005

           S/ ALLEN SHARP
           **ALLEN SHARP, JUDGE**
           **UNITED STATES DISTRICT COURT**